ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2020-Mar-27 11:30:20
43CV-20-296
C23D03 : 7 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
_____ DIVISION

**CHRISTOPHER INGRAM,**                                                              **PLAINTIFF**
**individually and as natural parent,**
**next friend and in loco parentis of**
**BRAYDEN INGRAM HORN, a minor**

**VS.**                            **NO. _____**

**PENSKE LEASING AND RENTAL**
**COMPANY**                                                                          **DEFENDANT**

### COMPLAINT

COMES NOW the Plaintiff, Christopher Ingram, individually and as natural parent, next friend and in loco parentis of Brayden Ingram Horn, a minor, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendant, Penske Leasing and Rental Company, hereby states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Christopher Ingram at all times present to this action was a citizen of the state of Kentucky. He presently resides in the city of Bowling Green, Kentucky with his son.

2.      Bradyen Ingram Horn, is the natural child and son of the Plaintiff, Christopher Ingram. They reside together in Bowling Green, Kentucky.

3.      Defendant Penske Leasing and Rental Company (hereinafter "Penske") is a domestic, for profit out of state  corporation headquartered in Reading, Pennsylvania located at 2675 Morgantown Road. Defendant Penske is a national corporation that is in the business of servicing, leasing, repairing and selling over the road truck, tractors and tractor trailers to individuals and corporations all over the United States, including Arkansas. Defendant Penske has several locations, including the one located in Arkansas at 3600 West 65th St., Little Rock, Arkansas 72209.

4.      Defendant Penske is in good standing with the Arkansas Secretary of State and lists

**EXHIBIT A**

its registered agent for service as Corporation Service Company, 300 S. Spring St., Ste. 900, Little Rock, AR 72201 and, upon the Plaintiff's information and belief, may be served with process at this location.

5.      The incident giving rise to this cause of action occurred on Interstate 40 eastbound in and around the Carlisle area of Lonoke, County, Arkansas.

## II. JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

8.      This is a negligence case which arises from a personal injury that occurred within the cab of the 2016 Volvo D13 owned, serviced, maintained and leased to the employer of the Plaintiff which, on April 10, 2019, caused serious bodily injuries to Brayden Ingram Horn, a minor during a routine traffic stop Interstate 40 east of Carlisle, Lonoke County, Arkansas.

## IV. FACTS

9.      On or about April 10, 2019 the Plaintiff, Christopher Ingram was employed for the Ray Hamilton Corporation as an over the road truck driver.

10.      In this position, the Plaintiff was properly licensed and trained to operate over the road tractors and trailers, a/k/a 18-wheelers.

11.      Plaintiff's employer leased over the road tractors from Defendant Penske for use by their agents, contractors and/or employees to haul and transport merchandise, goods, and other forms of mercantile in and around the continental forty eight (48) states, including Arkansas.

12.      On April 10, 2019, the Plaintiff Christopher Ingram was employed as an over the road

2

EXHIBIT A

truck driver.

13.     Plaintiff is also a single father to his minor child, Brayden Ingram Horn, who, in April of 2019, specifically the 10th, was out on the road with him on a cross country run.

14.     Plaintiff began his run from California on a cross country haul when, as he was traveling Interstate 40 east through Arkansas, his tractor began to experience mechanical difficulties.

15.     These difficulties began to manifest themself in such a manner that required him to report these to his dispatch officer with his employer.

16.     Plaintiff was directed to the location owned by Defendant Penske at 3600 W. 65th St., Little Rock, Arkansas.

17.     Plaintiff was instructed to take the tractor he was operating and leave it at this location.

18.     Once at the location on 65th St., Plaintiff was to be provided another tractor by Defendant Penske per their lease agreement with his employer so that he could continue on his cross country transport.

19.     Plaintiff took the mechanically troubled tractor to the location on 65th St. as instructed.

20.     Upon arrival Plaintiff made contact with the clerk at the location to make the transfer.

21.     Plaintiff needed a sleeper tractor equipped with two beds, one for him and another for his son, so they would have the required room to operate on the road.

22.     The clerk brought around a 2016 Volvo D13, truck number 129406 with the vehicle identification number of VIN4V4NC9EH4GN936956 that met with the space requirements necessary for the Plaintiff.

23.     Prior to taking possession of the tractor, Plaintiff visually inspected the new tractor and immediately noticed that part of the vehicle dashboard was missing and the mattress on the lower bunk was not specific for the model installed in the truck.

24.     Plaintiff reported these deficiencies to the clerk at Defendant Penske.

3

**EXHIBIT A**

25.     Defendant Penske, through their clerk, represented that the missing parts were not required parts necessary for the operation and use of the tractor.

26.     Defendant Penske tendered said tractor to the Plaintiff per their contract with his employer in a dangerous and defective condition such as to pose real and actual physical danger to an occupant and/or operator of said tractor.

27.     The Plaintiff and his son transferred their belongings into the defective tractor, over the Plaintiff's objections, and continued on his haul per instructions from his employer.

28.     As Plaintiff began traveling eastbound on Interstate 40 again, his minor son, Brayden Ingram Horn, settled into the lower bunk in the sleeper cab of the defective cab.

29.     The mattress on the lower bunk was not standard issue and was curled up on its ends to force it to fit within the bunk space.

30.     As Christopher Ingram traveled east, he was forced to make a sudden stop for traffic on the roadway.

31.     Brayden Ingram Horn came out of the lower bunk in the sleeper cab and struck his face on the dashboard.

32.     Brayden Ingram Horn's face struck the dashboard where the missing pieces would have been to prevent injury from striking the metal and other parts of the dashboard.

33.     Brayden Ingram Horn suffered several facial injuries, including lacerations to his face, nose, mouth and gums.

34.     The injuries resulted in his father calling for an ambulance to transport his son to medical attention.

35.     The defective tractor was towed from the scene.

36.     As a result of his fact hitting the dashboard, Brayden Ingram Horn sustained personal injuries and damages.

## V. CAUSE OF ACTION - NEGLIGENCE

37.     All of the allegations previously pled herein are re-alleged as though stated word-for-

4

EXHIBIT A

word.

38.     Defendant Penske was negligent in the following particulars:

(a)     Providing a tractor with defective and missing parts/pieces and/or material from within the tractor;

(b)     Misrepresenting to the Plaintiff that the missing parts and/or defective condition was not necessary for use and operation of said tractor;

(c)     providing a dangerous and defective tractor that Defendant had knowledge that posed a serious threat of harm and/or injury to an occupant and/or operator of said tractor;

(d)     Of failing to properly service, repair and/or replace incorrect, missing and/or defective parts on its tractors prior to said tractor being offered to the general public and/or customers for use in their usual course of business;

(e)     By failing to properly train, supervise and/or employ personnel in such a manner so that a defective and/or tractor missing parts would not be provided to a customer for use;

(f)     By ignoring their own policy and procedures for the sale and lease of tractors to be in good working and safe condition prior to possession by the customer;

(g)     By ignoring the Plaintiff's objections of the condition of the tractor; and

(h)     Otherwise failing to exercise ordinary care under the circumstances.

## VI.  PROXIMATE CAUSATION

39.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

40.     The Defendant's negligence proximately caused the collision described herein and the injuries and damages sustained by both the Plaintiff and his minor child.

## VII.  INJURIES AND COMPENSATORY DAMAGES

41.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

42.     Plaintiff Christopher Ingram sustained personal injuries and damages as a result of the negligent acts of the Defendant, Penske.

43.     Plaintiff Christopher Ingram is entitled to the following damages:

(a)     The expense of the medical care and treatment and services received for his

5

**EXHIBIT A**

minor child;

    (b)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (c)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

    (d)    any property damage he may have sustained.

44.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

45.    Plaintiff Christopher Ingram, on behalf of his minor child, Brayden Ingram Horn is entitled to the following damages:

    (a)    the nature, extent, duration, and permanency of Brayden's injuries;

    (b)    the full extent of the injuries Brayden sustained;

    (c)    the expense of Brayden's medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future by Brayden; and

    (e)    the visible results of Brayden's injuries.

46.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  DEMAND FOR JURY TRIAL

47.    Plaintiff, individually and on behalf of his minor child  hereby demands a trial by jury.

## IX.  DEMAND & PRAYER

48.    The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate he and his minor child for their damages.

49.    Plaintiff, individually and on behalf of his minor child, demands judgment against

EXHIBIT A

Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:   */s/ Bryce Brewer*
        Bryce Brewer (Ark. Bar No.2002013)
        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        Little Rock, AR  72222
        Telephone:   (501) 868-2500
        Telefax:        (501) 868-2505
        Email:          Bbrwer@rainfirm.com

7

EXHIBIT A